WHIPPLE, C.J.,
CONCURRING.
h This case involves a 58-year-old plaintiff, with an undisputed 42% disability rating who cannot sit for more than two hours, who has significant physical restrictions and limitations, limited dexterity, and constant headaches, eye, back, and neck pain from, inter alia, a four-level fusion, and who has occipital neuralgia and post-laminectomy syndrome.
The majority references the opinion of Carla Seyler, the defendants’ vocational rehabilitation expert. However, should this matter be subject to further review, I write separately to note other important aspects of this record. In particular, the majority opinion, in my view, does not reflect that Ms. Seyler’s testimony was impeached, as she testified that she was not aware that Dr. Langston had not released Ms. Lemings to return to work. Instead, Seyler acknowledged she was under the erroneous impression that plaintiff had been released to work when she made her potential employment profile and rendered her report. Given the inaccuracies or incompleteness of the information conveyed by the defendants’ expert in assessing the job market, I find no error by the trial court in its decision to reject this testimony, and to instead credit the testimony of plaintiff and the doctors and therapists who treated her.
Moreover, I agree with the plaintiff that given the testimony of the appellee, Dr. Oberlander, the deposition testimony and records of Dr. Langston, Karl Kleinpeter, physical therapist, and Mr. Billy Naquin, there is clearly a factual basis for the court’s ultimate findings and decision.
^Finally, the majority opinion indicates in its opinion that “[t]he record is devoid of any indication that her search was within the medical field or was one that took into account her education, training, and experience as a nurse,” yet then finds nevertheless that “the record reasonably supports the trial court’s award for loss of future earning capacity.” I agree that the record supports the award as affirmed by the majority, but note that Ms. Lemings’ testimony reflects that she reasonably researched and sought the jobs that she was actually capable of performing, which limitations are supported by the medical testimony. In sum, I agree with the ultimate decision to affirm and concur in the result reached by the majority.